FILED
U. S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

DEC 17 2019

JAMES W. McCORMACK, CLERK
By:_____
                    DEP CLERK

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
NORTHERN DIVISION

WILLIAM HALLMAN and DEANNA                                           PLAINTIFFS
WALKER, Each Individually and on
Behalf of All Others Similarly Situated

vs.                            Case No. 3:19-cv-368 - DPM

                This case assigned to District Judge Marshall
PECO FOODS, INC.   and to Magistrate Judge Deere                      DEFENDANT

## ORIGINAL COMPLAINT—COLLECTIVE ACTION

COME NOW Plaintiffs William Hallman and Deanna Walker (collectively "Plaintiffs"), each individually and on behalf of all other similarly situated current and former employees of Defendant Peco Foods, Inc. ("Defendant"), by and through their attorneys Sean Short and Josh Sanford, and bring this collective action, and in support thereof they do hereby state and allege as follows:

### I.  PRELIMINARY STATEMENTS

1.   This is a collective action brought by Plaintiffs, each individually and on behalf of all similarly situated employees who performed work for Defendant during the three-year period preceding the filing of this Complaint.

2.   Plaintiffs bring this action under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA"), and the Arkansas Minimum Wage Act, Ark. Code Ann. § 11-4-201, *et seq.* ("AMWA"), for declaratory judgment, monetary damages, liquidated damages, prejudgment interest, and costs, including reasonable attorneys' fees, as a

result of Defendant's failure to pay Plaintiffs and all other similarly situated employees lawful overtime compensation for hours worked in excess of forty (40) hours per week.

3. Upon information and belief, for at least three (3) years prior to the filing of this Complaint, Defendant has willfully and intentionally committed violations of the FLSA and the AMWA as described, *infra*.

## II. JURISDICTION AND VENUE

4. The United States District Court for the Eastern District of Arkansas has subject matter jurisdiction over this suit under the provisions of 28 U.S.C. § 1331 because this suit raises federal questions under the FLSA.

5. This complaint also alleges AMWA violations, which arise out of the same set of operative facts as the federal cause of action herein alleged. Therefore, this Court has supplemental jurisdiction over the AMWA claims pursuant to 28 U.S.C. § 1367(a).

6. The acts alleged in this Complaint had their principal effect within the Northern Division of the Eastern District of Arkansas, and venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(2).

## III. THE PARTIES

7. Plaintiff William Hallman is a citizen of the United States, domiciled in Pocahontas, and was employed by Defendant during the three years preceding the filing of this Complaint.

8. Plaintiff Deanna Walker is a citizen of the United States, domiciled in Doniphan, Missouri, and was employed by Defendant during the three years preceding the filing of this Complaint.

9. At all times relevant to the allegations in this Complaint, Plaintiffs were hourly-paid employees at Defendant's location in Pocahontas.

10. Plaintiffs and all those similarly situated are "employees" of Defendant as defined by 29 U.S.C. § 203(e).

11. At all times material herein, Plaintiffs and those similarly situated have been entitled to the rights, protections and benefits provided under the FLSA and the AMWA.

12. Plaintiffs bring this action on behalf of themselves and all other similarly situated individuals pursuant to 29 U.S.C. § 216(b). Plaintiffs and the similarly situated individuals were, or are, employed by Defendant as hourly paid employees within three (3) years of the filing of this Complaint. As this case proceeds, it is likely that more individuals will join this action as opt-in plaintiffs.

13. At all relevevant times, Defendant is, and has been, an "employer" of Plaintiffs and the similarly situated individuals within the meaning of the FLSA, 29 U.S.C. § 203(d).

14. Defendant is a foreign for-profit corporation, registered to do business in Arkansas, with its principal place of business at 1020 Lurleen Wallace Boulevard North, Tuscaloosa, Alabama 35401.

15. Defendant's registered agent for service of process in Arkansas is Jason Thomas, at 425 West Capitol Avenue, Suite 3300, Little Rock, Arkansas 72201.

16. Defendant's annual gross volume of sales made or business done was not less than $500,000.00 (exclusive of excise taxes at the retail level that are separately stated) during each of the three calendar years preceding the filing of this complaint.

17. During each of the three years preceding the filing of this Complaint, Defendant employed at least two individuals who were engaged in interstate commerce or in the production of goods for interstate commerce, or had employees handling, selling, or otherwise working on goods or materials that had been moved in or produced for commerce by any person, including goods or materials typically used in the shoe and retail industry.

18. During each of the three years preceding the filing of this Complaint, Defendant employed at least four employees.

## IV. FACTUAL ALLEGATIONS

19. Plaintiffs repeat and re-allege all previous paragraphs of this Complaint as though fully incorporated in this section.

20. Defendant owns and operates several chicken processing plants throughout Arkansas, Mississippi and Alabama.

21. Defendant employed each of the named Plaintiffs at one of its plants in Arkansas within the three years prior to the filing of this lawsuit.

22. During the period relevant to this lawsuit, Defendant classified Plaintiffs as hourly employees, non-exempt from the overtime requirements of the FLSA and the AMWA.

23. Plaintiff Hallman was employed as an hourly-paid Production Specialist from February of 2019 until October of 2019.

24. Production Specialists were responsible for grading chicken, sending chicken to the cutting department, and styling the chicken.

25. Plaintiff Hallman worked from approximately 6 o'clock AM until 5 o'clock PM, four to six days per week.

26. Plaintiff Walker was employed as an hourly-paid Breading Specialist during November of 2019.

27. Breading Specialists oversaw the chicken breading production line.

28. Plaintiff Walker worked from approximately 6 o'clock AM until 5 o'clock PM, four to six days per week.

29. Before their shift, Plaintiffs and similarly situated employees were required to attend a safety meeting which usually lasted between five and twenty minutes.

30. Plaintiffs were not paid for the time spent at the safety meeting.

31. Before their shift, Plaintiffs and similarly situated employees were required to wait in line to receive personal protective equipment (PPE), and then don the PPE, which included equipment such as earplugs, aprons, glasses, and multiple pairs of gloves.

32. During their shift, Plaintiffs and similarly situated employees were required to take two unpaid thirty-minute breaks, during which they had to doff their PPE and then don it before returning to work.

33. Each time Plaintiffs and similarly situated employees donned their PPE, it took approximately five to twenty minutes.

34. Including pre-shift donning and mid-break donning, Plaintiffs and similarly situated employees spent considerably more than one hour each week donning PPE.

35. Plaintiffs were not paid for time spent donning and doffing their PPE.

36. Plaintiffs' hours varied from week to week, but each Plaintiff worked more than 40 hours a week on at least one occasion.

37. Despite their overtime work, they were not properly compensated for all overtime hours worked in excess of 40 hours per week.

38. Because of the unrecorded hours, Plaintiffs were deprived of compensation for all hours worked, including overtime compensation for all hours worked over forty (40) per week.

39. Plaintiffs and similarly situated employees do not belong to a union nor is there an applicable collective bargaining agreement in place.

## V.   REPRESENTATIVE ACTION ALLEGATIONS

40. Plaintiffs bring their claims for relief for violation of the FLSA as a collective action pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b).

41. Plaintiffs propose to represent a class of individuals defined as follows:

**All hourly workers in the last three years who regularly attended safety meetings and/or donned and doffed personal protective equipment.**

42. In conformity with the requirements of FLSA Section 16(b), Plaintiffs have attached hereto written Consents to Join this lawsuit.

43. The relevant time period dates back three years from the date on which Plaintiffs' Original Complaint—Collective Action was filed herein and continues forward through the date of judgment pursuant to 29 U.S.C. § 255(a).

44. The members of the class are similarly situated as follows:

A. They were classified by Defendant as non-exempt from the minimum wage and overtime requirements of the FLSA;

B.    They were paid by the hour;

C.    They were subject to Defendant's common policy requiring hourly workers to attend safety meetings and don protective gear without pay; and

D.    They were not part of a union nor was there a collective bargaining agreement in place.

45.    Plaintiffs are unable to state the exact number of potential members of the FLSA class but believes that the class exceeds one hundred (100) persons.

46.    Defendant can readily identify the members of the Section 16(b) class, which encompasses all hourly-paid employees at its retail establishments.

47.    The names and physical and mailing addresses of the FLSA collective action plaintiffs are available from Defendant, and a Court-approved Notice should be provided to the FLSA collective action plaintiffs via first class mail and email to their last known physical and electronic mailing addresses as soon as possible, together with other documents and information descriptive of Plaintiffs' FLSA claim.

## VI.    FIRST CAUSE OF ACTION
### (Individual Claims for Violation of the FLSA)

48.    Plaintiffs repeat and re-allege all previous paragraphs of this Complaint as though fully incorporated in this section.

49.    Plaintiffs assert this claim for damages and declaratory relief pursuant to the FLSA, 29 U.S.C. § 201, *et seq.*

50.    At all relevant times, Defendant was Plaintiffs' "employer" within the meaning of the FLSA, 29 U.S.C. § 203.

51.     At all relevant times, Defendant has been, and continues to be, an enterprise engaged in commerce within the meaning of the FLSA, 29 U.S.C. § 203.

52.     29 U.S.C. §§ 206 and 207 require any enterprise engaged in commerce to pay all employees a minimum wage for all hours worked up to forty (40) in one week and to pay time and a half of regular wages for all hours worked over forty (40) hours in a week, unless an employee meets certain exemption requirements of 29 U.S.C. § 213 and all accompanying Department of Labor regulations.

53.     At all times relevant to this Complaint, Defendant classified Plaintiffs as non-exempt from the overtime requirements of the FLSA.

54.     Despite the entitlement of Plaintiffs to overtime payments under the FLSA, Defendant failed to pay Plaintiffs for all hours worked, including an overtime rate of one and one-half times their regular rate of pay for all hours worked over forty (40) in each one-week period.

55.     Defendant's failure to pay Plaintiffs all overtime wages owed was willful.

56.     By reason of the unlawful acts alleged herein, Defendant is liable to Plaintiffs for monetary damages, liquidated damages, and costs, including reasonable attorneys' fees, for all violations that occurred within the three (3) years prior to the filing of this Complaint.

### VII.     SECOND CAUSE OF ACTION
#### (Individual Claims for Violation of the AMWA)

57.     Plaintiffs repeat and re-allege all previous paragraphs of this Complaint as though fully incorporated in this section.

58. Plaintiffs assert this claim for damages and declaratory relief pursuant to the AMWA, Ark. Code Ann. §§ 11-4-201, *et seq*.

59. At all relevant times, Defendant was Plaintiffs' "employer" within the meaning of the AMWA, Ark. Code Ann. § 11-4-203(4).

60. Sections 210 and 211 require employers to pay all employees a minimum wage for all hours worked up to forty in one week and to pay one and one-half times regular wages for all hours worked over forty hours in a week, unless an employee meets the exemption requirements of 29 U.S.C. § 213 and accompanying Department of Labor regulations.

61. At all times relevant to this Complaint, Defendant classified Plaintiffs as non-exempt from the overtime requirements of the AMWA.

62. Despite the entitlement of Plaintiffs to overtime payments under the AMWA, Defendant failed to pay Plaintiffs an overtime rate of one and one-half times their regular rate of pay for all hours worked over forty (40) in each one-week period.

63. Defendant's failure to pay Plaintiffs all overtime wages owed was willful.

64. By reason of the unlawful acts alleged herein, Defendant is liable to Plaintiffs for monetary damages, liquidated damages, and costs, including reasonable attorneys' fees, for all violations that occurred within the two (2) years prior to the filing of this Complaint pursuant to Arkansas Code Annotated § 11-4-218.

### VIII.   THIRD CAUSE OF ACTION
### (Collective Action Claim for Violation of the FLSA)

65. Plaintiffs repeat and re-allege all previous paragraphs of this Complaint as though fully incorporated in this section.

66. Plaintiffs, each individually and on behalf of all others similarly situated, assert this claim for damages and declaratory relief pursuant to the FLSA, 29 U.S.C. § 201, *et seq.*

67. At all relevant times, Defendant has been, and continues to be, an "employer" of Plaintiffs and all those similarly situated within the meaning of the FLSA, 29 U.S.C. § 203.

68. Defendant classified Plaintiffs and all similarly situated employees as non-exempt from the overtime requirements of the FLSA.

69. Despite the entitlement of Plaintiffs and those similarly situated to overtime payments under the FLSA, Defendant failed to pay Plaintiffs and all those similarly situated for all hours worked, including an overtime rate of one and one-half times their regular rates of pay for all hours worked over forty (40) in each one-week period.

70. Defendant willfully failed to pay overtime wages to Plaintiffs and to others similarly situated.

71. By reason of the unlawful acts alleged herein, Defendant is liable to Plaintiffs and all those similarly situated for monetary damages, liquidated damages, and costs, including reasonable attorneys' fees, for all violations that occurred within the three (3) years prior to the filing of this Complaint.

### IX. RELIEF SOUGHT

WHEREFORE, premises considered, Plaintiffs William Hallman and Deanna Walker pray as follows:

A. That Defendant be summoned to appear and answer herein;

B. Designation of this action as an FLSA collective action on behalf of the

Collective Action Members and prompt issuance of notice to all similarly-situated persons, apprising them of the pendency of this action, permitting them to join this action pursuant to 29 U.S.C. § 216(b), and tolling of the statute of limitations;

C. An award of unpaid wages for all hours worked in excess of 40 in a workweek at a rate of one and one-half times the regular rate of pay under the FLSA;

D. Equitable tolling of the FLSA statute of limitations;

E. A declaratory judgment that the practices complained of herein are unlawful under the FLSA;

F. An award of liquidated damages as a result of Defendant's willful failure to pay for all hours worked in excess of 40 in a workweek at a rate of time and one-half of the regular rate of pay pursuant to 29 U.S.C. § 216;

G. An Order pursuant to the AMWA awarding Plaintiffs unpaid overtime and any other damages or injunctive relief allowed by law;

H. An Order awarding pre-judgment and post-judgment interest at the highest rates allowed by law;

I. An Order compelling the accounting of the books and records of Defendant, at Defendant's own expense;

J. An award of costs and expenses of this action together with reasonable attorney's fees and an award of a service payment to the Plaintiffs; and

K. Such other and further relief as this Court deems just and proper.

Respectfully submitted,

**WILLIAM HALLMAN and DEANNA WALKER, Each Individually and on Behalf of All Others Similarly Situated, PLAINTIFFS**

SANFORD LAW FIRM, PLLC
One Financial Center
650 South Shackleford, Suite 411
Little Rock, Arkansas 72211
Telephone: (501) 221-0088
Facsimile: (888) 787-2040

_____
Sean Short
Ark. Bar No. 2015079
sean@sanfordlawfirm.com

_____
Josh Sanford
Ark. Bar No. 2001037
josh@sanfordlawfirm.com

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
NORTHERN DIVISION

**WILLIAM HALLMAN and DEANNA**                                                           **PLAINTIFFS**
**WALKER, Each Individually and on**
**Behalf of All Others Similarly Situated**

vs.                           Case No. 3:19-cv-____

**PECO FOODS, INC.**                                                                                      **DEFENDANT**

## CONSENT TO JOIN COLLECTIVE ACTION

      I was employed as an hourly-paid worker for Peco Foods, Inc., within the past three (3) years. I understand this lawsuit is being brought under the Fair Labor Standards Act for <u>unpaid wages</u>. I consent to becoming a party-plaintiff in this lawsuit, to be represented by Sanford Law Firm, PLLC, and to be bound by any settlement of this action or adjudication by the Court.


_____
**WILLIAM HALLMAN**
December 17, 2019

**Josh Sanford, Esq.**
**SANFORD LAW FIRM, PLLC**
**One Financial Center**
**650 South Shackleford Road, Suite 411**
**Little Rock, Arkansas 72211**
**Telephone: (501) 221-0088**
**Facsimile: (888) 787-2040**
**josh@sanfordlawfirm.com**

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
NORTHERN DIVISION

**WILLIAM HALLMAN and DEANNA**                                      **PLAINTIFFS**
**WALKER, Each Individually and on**
**Behalf of All Others Similarly Situated**

vs.                                    Case No. 3:19-cv-_____

**PECO FOODS, INC.**                                                **DEFENDANT**

### CONSENT TO JOIN COLLECTIVE ACTION

     I was employed as an hourly-paid worker for Peco Foods, Inc., within the past three (3) years. I understand this lawsuit is being brought under the Fair Labor Standards Act for <u>unpaid wages</u>. I consent to becoming a party-plaintiff in this lawsuit, to be represented by Sanford Law Firm, PLLC, and to be bound by any settlement of this action or adjudication by the Court.



**DEANNA WALKER**
December 17, 2019

**Josh Sanford, Esq.**
**SANFORD LAW FIRM, PLLC**
**One Financial Center**
**650 South Shackleford Road, Suite 411**
**Little Rock, Arkansas 72211**
**Telephone: (501) 221-0088**
**Facsimile: (888) 787-2040**
**josh@sanfordlawfirm.com**