IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
NORTHERN DIVISION

WILLIAM HALLMAN and DEANNA WALKER,
Individually and on Behalf of All Others
Similarly Situated                                              PLAINTIFFS

v.                            No. 3:19-cv-368-DPM

PECO FOODS, INC.                                                DEFENDANT

## ORDER

Peco is a poultry processing company with eight facilities in three states. Hallman and Walker were hourly paid workers at the Peco plant in Pocahontas, Arkansas. They seek to conditionally certify a FLSA collective for all of Peco's hourly paid employees since late 2016. They say Peco didn't pay them for time they spent donning and doffing personal protective equipment; as a result, Peco didn't pay them for all the hours they worked over forty hours per week. Peco opposes the collective. It says only some of its workers use any protective equipment at all; and, for those who do, Peco properly compensates them for donning and doffing time.

The motion, *Doc. 8*, is granted as significantly modified. The Court conditionally certifies a group of hourly paid production workers on the Debone-Conelines at Peco's Pocahontas plant since 17 December 2016. Hallman and Walker have met the lenient applicable standard of showing that this group's members are similarly

situated to one another. *Helmert v. Butterball, LLC*, 2009 WL 5066759, at *3 (E.D. Ark. 15 Dec. 2009). They've made the modest factual showing—through pleadings and affidavits—that the same kind of wage violation allegedly harmed all members of the group. *Garrison v. ConAgra Foods Packaged Food, LLC*, 2013 WL 1247649, at *2 (E.D. Ark. 27 Mar. 2013). Within the group, the employees had similar duties and were subject to uniform pay policies. Although Hallman and Walker do not identify themselves as Debone-Conelines workers, they call themselves "line workers." And the protective equipment they say they wore mirrors Peco's description of the equipment worn by Debone-Conelines workers. *Doc. 8-7 at 2; Doc. 19-2 at 2.* Peco argues that it did not employ Walker; a temp agency did. For now, though, given the FLSA's broad definition of employer, the Court finds that Peco and the agency jointly employed her. *Karlson v. Action Process Service & Private Investigations, LLC*, 860 F.3d 1089, 1092–93 (8th Cir. 2017); *Salinas v. Commercial Interiors, Inc.*, 848 F.3d 125, 144 (4th Cir. 2017).

The record doesn't show that workers beyond the Debone-Conelines at the Pocahontas plant were similarly situated. Peco says some of its employees do not wear any protective equipment at all, and those who wear it do so with significant variations. Peco also says it has different policies for paying employees who wear different kinds of this equipment. For instance, it pays some of those employees

for donning and doffing time according to Collective Bargaining Agreements. Hallman and Walker argue that Peco applied the same policy to all its hourly paid employees, but the plaintiffs' allegations and declarations don't bear that out. Peco's other arguments go to the merits. The Court therefore conditionally certifies the significantly limited group. Here it is:

> All hourly paid production workers on the Debone-Conelines at Peco Foods' Pocahontas, Arkansas plant since 17 December 2016.

Please change the proposed notice and consent forms to reflect the modified group definition. Peco must post notice in its Pocahontas plant near the Debone-Conelines. Notice to group members by U.S. mail or text (at group counsel's election) is fine. There's no need for notice by email, too. One follow-up by postcard or text is fine. If notice is sent by mail, do not enclose the pleadings. Peco does not have to provide email addresses, but it must provide all the other contact information by 8 May 2020. The opt-in period will close on 7 August 2020. The Court otherwise overrules Peco's objections about notice and the forms.

So Ordered.

*DP Marshall Jr.*
D.P. Marshall Jr.
United States District Judge

23 April 2020