**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF ARKANSAS**
**NORTHERN DIVISION**

| | |
|---|---|
| **WILLIAM HALLMAN and DEANNA WALKER,** | **PLAINTIFFS** |
| **Each individually and on behalf of all others** | |
| **similarly situated** | |
| | |
| **versus** | **CASE NO. 3:19-cv-368-DPM** |
| | |
| **PECO FOODS, INC.** | **DEFENDANT** |

---

**DEFENDANT PECO FOODS, INC.'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION FOR PARTIAL SUMMARY JUDGMENT ON PLAINTIFFS WHO ADMITTEDLY DO NOT QUALIFY FOR THE COLLECTIVE ACTION**

---

Pursuant to Federal Rule of Civil Procedure 56 and Local Rules 7.2 and 56.1 for the Eastern District of Arkansas, Defendant Peco Foods, Inc. ("Peco" or "Defendant") files this memorandum in support of its motion for partial summary judgment of the claims asserted by twenty-two Plaintiffs who admit they never worked on the Debone-Conelines at Peco's Pocahontas, Arkansas plant, and, therefore, do not qualify for the collective action.

## FACTUAL AND PROCEDURAL BACKGROUND

Plaintiffs William Hallman and Deanna Walker ("Named Plaintiffs") formerly worked as production workers at Peco's poultry processing plant in Pocahontas, Arkansas ("Pocahontas Plant"). Plaintiffs contend Peco denied them and other similarly situated hourly employees overtime compensation in violation of the FLSA through an alleged policy of requiring hourly workers to "don and doff" clothing and/or personal protective equipment ("PPE") while "off the clock." Specifically, Plaintiffs contend they were not properly compensated for time spent donning PPE pre-shift and/or that they did not receive bona fide meal breaks due to time spent donning and doffing PPE during the unpaid meal breaks. Dkt. No. 1 at ¶¶31-38.

1

Pursuant to 29 U.S.C. §216(b), the Named Plaintiffs previously sought the conditional certification of a collective action consisting of "[a]ll hourly paid workers employed after 17 December 2016." Dkt. No. 8 at ¶3.[1] Plaintiffs' extraordinarily broad request encompassed hourly workers at numerous separate Peco processing plants located in three states. Dkt. 20 at 2. Peco opposed the motion. Dkt. Nos. 8-9, 19-20.

On April 23, 2020, this Court granted Plaintiffs' conditional certification motion "as significantly modified [,]" conditionally certifying "a group of **hourly paid production workers on the Debone-Conelines** at Peco's Pocahontas plant since 17 December 2016." Dkt. No. 22 at 1 (emphasis added). The Court approved notice to all eligible current or former workers at Pocahontas Plant by U.S. mail or text and required Peco to post notice "near the Debone-Conelines." *Id*. at 3. To facilitate the provision of notice, Peco provided spreadsheets to Plaintiffs on May 8, 2020 that contained the names of more than 3,000 workers Peco confirmed had worked on the cone lines at the Pocahontas Plant during the relevant time period. Dkt. No. 35.

Subsequently, Peco determined the original spreadsheets it submitted omitted some former workers who may have had a temporary assignment to the cone lines because Peco's payroll system does not capture the frequent temporary re-assignments of employees across the plant based on production needs. Dkt. No. 35 at ¶3. Accordingly, "[t]o ensure all eligible group members receive[d] notice[,]" the parties agreed to provide notice "to all former employees or temporary workers, even though many of them are not eligible to participate in the collective action." *Id.* at ¶4. To mitigate against the potential for ineligible former workers to file consent forms, the parties requested that the Court approve a revised consent form that would require the recipient to affirmatively state they had worked on the cone lines at the Pocahontas Plant during

---

[1] Plaintiffs have also asserted claims under the Arkansas Minimum Wage Act ("AMWA"). However, Plaintiffs never moved to certify their claims under the AMWA.

the relevant time period and provide an estimate of how many days each year they had worked on the cone lines. *Id.* at ¶5. This Court approved the supplemental notice and revised consent form and ordered all former workers, who Peco could not confirm had worked on the cone lines during the relevant time period, to file the revised consent form if they were eligible and wished to join the case. Dkt. No. 36. Notice was sent to several thousand additional former employees.

Ultimately, 400 current or former workers at the Pocahontas Plant ("class members") filed consents to participate in the lawsuit during the opt-in period. Of those, 272 class members filed the original consent form, and 137 class members filed the revised consent form. (Nine of the class members filed original and revised consent forms.) Recently, three class members who filed the original consent form filed a notice of withdrawal of their consent. Dkt.  No. 104.

In addition to deposing and propounding written discovery to the Named Plaintiffs, the parties reached a good faith agreement that Peco would obtain merits-based discovery from a limited number of class members and would obtain limited discovery from all class members who filed the revised consent form, focusing on evaluating their eligibility to participate in the collective action. The resulting discovery shows that the claims of at least twenty-two Plaintiffs should be dismissed because they admittedly do not meet the court ordered requirements to opt into this collective action. Specifically, at least five Plaintiffs testified that they never worked on the Debone-Conelines: Carlos Blackmon; Dustin Degenstein; Joe Mitchell Flannery; Michael Harrison; and Michael Oxford.[2] And in their written discovery responses, the following seventeen plaintiffs expressly stated that they did not work on the Debone-Conelines: Connie Anderson; Timothy Bailey; Joseph Blanton; James Childers; Jessica Cockerill; Brandi DeForge; Cedric Dixon; Van Doug Evans; Johnny Jones; Christopher Kipfer; Cynthia Linch-Passmore;

---

[2] *See* Ex. 1, C. Blackmon Dep. at 22; Ex. 2, D. Degenstein Dep. at 13; Ex. 3, J. Flannery Dep. at 14; Ex. 4, M. Harrison Dep. at 31, 32; Ex. 5, M. Oxford Dep. at 24.

Del Rico Mayo; Todd Phillips; Jonathan Rome; Justin Sanders; Tommy Utley; Sydney Young.[3]

Accordingly, the claims of these Plaintiffs should be dismissed.[4]

## STATEMENT OF UNDISPUTED MATERIAL FACTS

Peco has separately and concurrently filed a Statement of Undisputed Material Facts in support of this motion, and incorporates by reference the facts set forth therein.

## SUMMARY JUDGMENT STANDARD

Federal Rule of Civil Procedure 56(a) provides that "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." In order to grant summary judgment, the evidence must be such that no reasonable jury could return a verdict for the non-moving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986). Therefore, the moving party must demonstrate the absence of genuine issues of material fact to be resolved. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). In opposing a motion for summary judgment, the non-moving party may not rest on allegations or denials in its pleadings but must "set forth specific facts showing that there is a genuine issue for trial." *Anderson*, 477 U.S. at 256. These specific facts showing a genuine issue for trial are to be established by "citing to particular parts of materials in the record ... or showing that the materials cited do not establish the absence or presence of a genuine dispute...." Fed. R. Civ. P. 56(c).

---

[3] *See* Ex. 6, C. Anderson Int. Resp.; Ex. 7, T. Bailey Int. Resp.; Ex. 8, J. Blanton Int. Resp.; Ex. 9, J. Childers Int. Resp.; Ex. 10, J. Cockerill Int. Resp., Ex. 11, B. DeForge Int. Resp.; Ex. 12, C. Dixon Int. Resp., Ex. 13, V. Evans Int. Resp.; Ex. 14, J. Jones Int. Resp.; Ex. 15, C. Kipfer Int. Resp.; Ex. 16, C. Linch-Passmore Int. Resp.; Ex. 17, D. Mayo Int. Resp.; Ex. 18, T. Phillips Int. Resp.; Ex. 19, J. Rome Int. Resp.; Ex. 20, J. Sanders Int. Resp.; Ex. 21, T. Utley Int. Resp.; Ex. 22, S. Young Int. Resp.

[4] Peco is filing a motion to decertify the conditionally certified FLSA collective. As discussed in that briefing, which is incorporated herein by reference, there are over 30 additional class members who claim they worked on the cone lines, but have provided descriptions of their job duties and responsibilities that do not match with the duties and responsibilities of the positions on the cone lines.

**ARGUMENTS AND AUTHORITIES**

An opt-in plaintiff who fails to meet the court-ordered requirements to opt into an FLSA collective action should be dismissed. *Cottle v. Falcon Holdings Management, LLC*, 892 F.Supp. 2d 1053, 1073-74 (N.D. Ind. 2012) (granting defendant summary judgment on the claims of five opt-ins "who do not meet [the] criteria for participation in the collective action…").

"The collective definitions objectively define the scope of the class and advise opt-in members of their potential inclusion in this lawsuit." *Fuentes v. Compadres, Inc*., 2018 WL 2126840, at *4 (D. Colo. May 9, 2018). To that end, it is axiomatic that only individuals who fall within the collective action definition are permitted to opt-in and proceed on a collective basis under the FLSA. *See, e.g., Murphy v. Allstaff Med. Res., Inc*., 2017 WL 6945036, at *4 (D. Colo. June 13, 2017) (setting forth collective action definition and explaining that individuals must meet this definition in order to be "eligible" to join the collective action); *Hornaday v. Mountain States Casing, LLC*, 2016 WL 8253896, at *3 (D. Colo. June 8, 2016) (same); *Stransky v. HealthONE of Denver, Inc.*, 929 F. Supp. 2d 1100, 1110 (D. Colo. 2013) (observing that it is necessary to "meet the class definition to be Opt-in Plaintiffs" in an FLSA collective action); *Dernovish v. AT&T Operations, Inc.*, 720 F. Supp. 2d 1085, 1087 (W.D. Mo. 2010) (citing *Hoffmann-La Roche Inc. v. Sperling*, 493 U.S. 165, 170 (1989)) (explaining, in the FLSA collective action context, that Rule 216(b) "requires individuals defined by the class definition to opt in"); *Scott v. Raudin McCormick, Inc.*, 2010 WL 3125955, at *1 (D. Kan. Aug. 6, 2010) ("The notice described who could become a plaintiff in the class and provided those individuals falling within that description the opportunity to opt-in to the litigation by completing and returning the included 'Consent to Become Party Plaintiff' form."); *Blair v. TransAm Trucking, Inc.*, 2016 WL 7117182, at *6 (D. Kan. Dec. 7, 2016) ("Defendant's averment that these

individuals did not sign independent contractor agreements is sufficient to demonstrate that they cannot be considered independent contractors for purposes of this FLSA class. Thus, these two individuals are stricken from the class as well. Accordingly, all of the individuals who Defendant contends do not fall within the class definition are stricken as opt-in Plaintiffs.").[5]

Where an individual fails to meet the collective action definition but nevertheless chooses to opt-in, numerous federal courts have found dismissal of that individual from the action to be the appropriate remedy. *See, e.g., Hamelin v. Faxton-St. Luke's Healthcare*, 274 F.R.D. 385, 391 (N.D.N.Y. 2011) ("dismissing plaintiffs who necessarily fall outside conditionally certified class because they did not work for defendants within the past three years as required by putative class definition"); *Meyers v. Crouse Health Sys., Inc.*, 274 F.R.D. 404, 410-412 (N.D.N.Y. 2011) (dismissing claims of seven opt-ins who did not "meet the requirements to opt-in."); *Allen v. Sears Roebuck and Co.*, 2011 WL 867094, at *1 (E.D. Mich. March 10, 2011) ("If an opt-in member of a collective action is found not to meet the class definition, the appropriate remedy is dismissal of that opt-in's claims.") (citation omitted); *Colozzi v. St. Joseph's Hosp. Health Ctr.*, 2010 WL 1257924, at *2 (N.D.N.Y. Mar. 26, 2010) (finding "disputed [opt-in] plaintiffs did not work for defendants during the past three years [and] therefore they necessarily fall outside the certified class and must be dismissed"); *Crane v. Residential CRF, Inc.*, 2007 WL 3334505, at *2 (S.D. Ind. Nov. 8, 2007) ("dismiss[ing] claims of opt-in plaintiffs who filed their consents outside the maximum three year limitations period").

---

[5] *See also Hipp v. Liberty Nat. Life Ins. Co.*, 973 F. Supp. 1033, 1039-41 (M.D. Fla. 1997) (observing that, "in all fairness to Defendant," all FLSA opt-in plaintiffs must "meet the criteria of the class definition as set forth early on" and granting summary judgment as to all plaintiffs that "fall outside the scope of the class"); *Silverman v. Smithkline Beecham Corp.*, 2007 WL 3072274, at *1 (C.D. Cal. Oct. 16, 2007) (citing 29 U.S.C. § 216(b)) ("FLSA collective actions proceed on an opt-in basis ... Individuals who fall within the class definition are allowed, but not required, to join the class."); *Harris v. JMC Steel Grp., Inc.*, 2017 WL 663158, at *2 (S.D. Ala. Feb. 16, 2017) (dismissing subset of opt-in plaintiffs based on finding that they were "ineligible to participate in these FLSA collective action proceedings because their claims were brought outside the relevant class period").

Here, the Court has clearly defined the conditionally certified collective action to include only "hourly paid production workers on the Debone-Conelines at Peco's Pocahontas plant since 17 December 2016." Dkt. No. 22 at 1. As shown above, twenty-two Plaintiffs consented to join the instant collective action, despite never working on the Debone-Conelines. Those Plaintiffs do not meet the collective action definition and should be dismissed from this action.

## CONCLUSION

For the reasons stated herein, the Court should dismiss the claims of Connie Anderson; Timothy Bailey; Carlos Blackmon; Joseph Blanton; James Childers; Jessica Cockerill; Brandi DeForge; Dustin Degenstein; Cedric Dixon; Van Doug Evans; Joe Mitchell Flannery; Michael Harrison; Johnny Jones; Christopher Kipfer; Cynthia Linch-Passmore; Del Rico Mayo; Michael Oxford; Todd Phillips; Jonathan Rome; Justin Sanders; Tommy Utley; and Sydney Young. Peco seeks such other relief as the Court deems just and proper.

DATED:  September 7, 2021.

Respectfully submitted,

PECO FOODS, INC.

BY: /s/ *Stephen J. Carmody*
ONE OF ITS ATTORNEYS

OF COUNSEL:

Steven J. Carmody, AR Bar No. 2013011
Scott F. Singley, MS Bar No. 100134 (ADMITTED PRO HAC VICE)
Karen E. Howell, MS Bar No. 102243 (ADMITTED PRO HAC VICE)
BRUNINI, GRANTHAM, GROWER & HEWES, PLLC
P.O. Drawer 119
Jackson, MS 39205-0119
Telephone: (601) 948-3101
scarmody@brunini.com
ssingley@brunini.com
khowell@brunini.com

7

Mike S. Moore, AR Bar No. 82112
FRIDAY, ELDREDGE & CLARK, LLP
400 West Capitol Avenue
Little Rock, Arkansas   72201-3522
Telephone:  501-370-1526
Facsimile:   501-244-5348
mmoore@fridayfirm.com

## CERTIFICATE OF SERVICE

I hereby certify that I have electronically filed the foregoing with the Clerk of this Court using the ECF system, which sent notification of such filing to all registered users.

Dated:  September 7, 2021.

/s/ *Stephen J. Carmody*
Stephen J. Carmody