

Sanford Law Firm, PLLC
Kirkpatrick Plaza
10800 Financial Centre Pkwy
Suite 510
Little Rock, Arkansas 72211

800-615-4946 (main)
888-787-2040 (facsimile)

WWW.SANFORDLAWFIRM.COM

**JOSH SANFORD** 2, 4, 5, 7, 9, 10
**ANNA SANFORD STIRITZ** 7
**KRISTA SHEETS** 11 **
**VANESSA KINNEY** 5
**MERIDETH Q. MCENTIRE** 3, 8, 10 *
**LYDIA H. HAMLET** 6
**STEVE RAULS**
**STACY GIBSON**
**REBECCA MATLOCK**
**APRIL RHÉAUME** 2, 10, 11
**DANIEL FORD**
**SEAN SHORT**
**COURTNEY LOWERY** 1
**COLBY QUALLS**
**SAMUEL BROWN**
**CHRISTOPHER TURANSKY**

Of counsel:
**JON R. SANFORD** 10, 11
**KIRSTEN C. SANFORD**
**JOSHUA WEST** 10

With offices in:

Little Rock, AR
Birmingham, AL
Chicago, IL
Denver, CO
Omaha, NE
Phoenix, AZ
San Antonio, TX
Seattle, WA

Also admitted to
practice in courts in:
*1* - Alabama
*2* - Colorado
*3* - Hawaii
*4* - Illinois
*5* - Michigan
*6* - Mississippi
*7* - Nebraska
*8* - North Carolina
*9* - North Dakota
*10* - Texas
*11* - Washington

*   Licensed only in federal
    courts in Arkansas
**  Not licensed in courts
    in Arkansas

May 3, 2021

**<u>VIA EMAIL ATTACHMENT</u>**
**<u>FOR SETTLEMENT PURPOSES ONLY</u>**
**<u>FRE 408 COMMUNICATION</u>**
ssingley@brunini.com
khowell@brunini.com

Scott F. Singley, Esq.
Karen E. Howell, Esq.
BRUNINI, GRANTHAM, GROWER
& HEWES, PLLC
The Pinnacle Building, Suite 100
190 East Capitol Street
Jackson, Mississippi 39205

Re:   William Hallman, et. al. v. Peco Foods, Inc.
      U.S.D.C. (E.D. Ark.) Case No. 3:19-cv-368-DPM

Dear Scott and Karen,

Thank you for the recent transmittal of Plaintiffs' time and pay records in the above-referenced case. We have completed our initial review of those documents. We are providing the following damages for all Plaintiffs for the purpose of this settlement demand only.

As you know, the FLSA requires employers to compensate employees at a rate of one and one-half times their regular rate for all hours worked in excess of 40 in a workweek. See 29 U.S.C. § 201 <u>et seq</u>. In addition, the FLSA states that short breaks must be compensated.

It is undisputed that Plaintiffs are required to don and doff protective equipment at the beginning and end of each shift, as well as during two unpaid 30-minute breaks, and that Defendant compensates Plaintiffs with three additional minutes at the beginning and end of each shift and four additional minutes during each break. However, based on all of the deposition testimony that has been presented, we know it takes Plaintiffs far longer than three or four minutes to don and doff their equipment. On average, Plaintiffs have testified that the donning process alone is closer to 15 minutes. This means Plaintiffs end up working off-the-clock for at least 12 minutes at the beginning of their shifts. It also means that Defendant impermissibly requires Plaintiffs to clock out for their two 30-minute breaks

Page 1 of 2
*William Hallman, et al. v. Peco Foods, Inc.*
U.S.D.C. (E.D. Ark.) No. 3:19-cv-368-DPM
FRE 408 Communication

Exhibit 1

when the effective length of the breaks is closer to 15 minutes after the time required to don and doff is accounted for. As such, Plaintiffs failed to receive overtime compensation at a rate of one and one-half (1.5) times their regular rate of pay for all hours worked in excess of forty (40). At one hour and 12 minutes per shift (12 minutes of pre-shift donning plus the two 30 minute breaks), an employee who worked five shifts per week is owed six hours per week in unpaid overtime.

Further, Plaintiffs are also entitled to liquidated damages in an amount equal to the compensatory damages. Liquidated damages are the norm when an FLSA violation is found. Ahle v. Veracity Research Co., 738 F. Supp. 2d 896, 920 (8th Cir. 2010); Martin v. Ind. Mich. Power Co., 381 F.3d 574, 584 (6th Cir. 2004); Rodriguez v. Farm Stores Grocery, Inc., 518 F.3d 1259, 1272 (11th Cir. 2008). In fact, it is the employer, not the employee, who carries the burden of proof in order to avoid liquidated damages, and that burden "is a difficult one." Id.

Based on all of the information we have obtained so far through the discovery process, the Plaintiffs and opt-in Plaintiffs are owed a total of $533,144.47 in back wages. After adding an equal amount as liquidated damages, this case can be settled on behalf of Plaintiffs for a total of $1,066,288.95.

As you also know, plaintiffs who prevails in FLSA cases are entitled to an award of a reasonable attorney's fee. However, this is an issue to be taken up separately and without regard to the plaintiffs' FLSA claim. Barbee v. Big River Steel, LLC, 927 F.3d 1024, 1027 (8th Cir. 2019).

Please do not hesitate to call me at (501) 904-1650 to discuss this letter or if you have any questions.

Thank you for your time and attention to this matter.

Sincerely,<br>
SANFORD LAW FIRM, PLLC

*/s/ Sean Short*

Sean Short<br>
Attorney at Law