**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
NORTHERN DIVISION**

**WILLIAM HALLMAN and DEANNA WALKER,**               **PLAINTIFFS**
**Each individually and on behalf of all others**
**similarly situated**

**versus**                                         **CASE NO. 3:19-cv-368-DPM**

**PECO FOODS, INC.**                                        **DEFENDANT**

---

**MEMORANDUM IN SUPPORT OF DEFENDANT'S RESPONSE IN OPPOSITION TO
PLAINTIFFS' MOTION FOR COSTS AND ATTORNEY'S FEES**

---

Consistent with its past practices, the Sanford Law Firm ("SLF"), on behalf of Plaintiffs,

seeks an award of attorney's fees that is grossly inflated by exorbitant rates, over-staffing, micro-

managing, and other billing inefficiencies. The Eighth Circuit recently provided the following

description of SLF's practices:

> The Fair Labor Standards Act (FLSA) requires courts to 'allow a reasonable
> attorney's fee to be paid by the defendant' for successful claims. 29 U.S.C. §
> 216(b). The Sanford Law Firm (SLF), an employment law firm in Little Rock, has
> routinely abused this provision. As one district court in Arkansas has noted, SLF
> has a history of 'over-staffing cases, micro-managing associates, billing attorneys'
> rates for administrative tasks, and failing to self-audit records that are submitted
> to the court for reimbursement.' *Hill-Smith v. Silver Dollar Cabaret, Inc*., No.
> 5:20-CV-5051, 2020 WL 4741917, at *2 (W.D. Ark. Aug. 14, 2020). Essentially,
> SLF takes low-stakes FLSA cases, overstaffs them, and asks defendants to pay for
> its inefficiencies. SLF's representation of [the plaintiff] followed that trend.

*Oden v. Shane Smith Enterprises, Inc.,* 27 F. 4th 631, 632 (8th Cir. 2022). Subsequently, on two

separate occasions, this Court made significant reductions to SLF fee requests for these same

flawed practices. *See Carden v. Logan Centers,* No. 3:19-CV-167-DPM, Dkt. No. 117 (Sept. 28,

2022) (denying SLF fee request of $90,690.40 and awarding fees in the amount of $41,787.75)

and *Thomas v. Viskase Companies, Inc.,* No. 3:19-CV-330-DPM, Dkt. No. 115 (May 10, 2022) (denying SLF fee request of $74,988.95 and awarding fees in the amount of $37,696.55).

For the reasons discussed more fully herein, the Court should significantly reduce Plaintiffs' fee request of $127,921.60 by discarding SLF's inflated hourly rates, in favor of rates this Court has approved as reasonable, and imposing at least a 25% reduction due to inefficient and excessive billing. Furthermore, Peco requests the Court reduce the lodestar amount by an additional 35% due to Plaintiffs' extremely limited success, for a total fee award of no more than $43,302.19. Based on that figure, and a reasonable cost award of no more than $1,153.10, Defendant respectfully requests the Court deny Plaintiff's motion, in part, and award costs and fees totaling no more than $44,455.29.

## BACKGROUND

Plaintiffs, William Hallman and Deanna Walker, former production workers at Peco Foods, Inc.'s ("Peco" or "Defendant") poultry processing facility in Pocahontas, Arkansas (the "Pocahontas Plant"), each individually and on behalf of all others similarly situated, sued Peco for unpaid overtime under the FLSA and AMWA based on an alleged policy of requiring workers to "don and doff" personal protective equipment off the clock. Plaintiffs sought conditional certification of an extraordinarily broad collective action extending to all Peco hourly workers who worked at any of Peco's six complexes, located in three different states, without regard to position, job responsibilities, compensation, or donning and doffing requirements. Dkt. Nos. 8-9. After Peco vigorously opposed conditional certification, this Court conditionally certified a much more limited collective consisting of all hourly paid production workers on the Debone-Conelines at the Pocahontas Plant since 17 December 2016. Dkt. No. 22 at 1. Subsequently, approximately 400 individuals filed consent forms opting into the litigation.

In the early stages of discovery, SLF, on behalf of Plaintiffs, demanded in excess of $1 million to settle the liability issues. Dkt. No. 182-1. The demand was fueled largely by Plaintiffs' position that the two daily unpaid 30 minute meal breaks Peco provided were fully compensable due to the time allegedly spent on donning and doffing PPE during the breaks. *Id.* Because of these exorbitant and unreasonable demands, Peco was forced to conduct extensive discovery.

Following the conclusion of discovery, this Court granted Peco's motion for summary judgment on Plaintiffs' meal break claims. Dkt. No. 147. Additionally, over half of the opt-in Plaintiffs, and Named Plaintiff Deanna Walker, either voluntarily withdrew consent or had their claims dismissed on summary judgment for statute of limitations reasons or for not having a viable claim for unpaid overtime. *Id.*; Dkt. Nos. 155 and 174. The parties settled the liability issues for the amount of $47,500 (approximately 95% less than Plaintiffs' initial settlement demand). Dkt No. 178.

SLF alleges it accrued 1,172.70 hours of billable time for a total value of $191,262.10. Dkt. No. 181 at 8. SLF asserts that it conducted a self-audit of its records, which resulted in a 38.21% reduction in the fees it now seeks to recover in the amount of $127,921.60. *Id.* However, SLF did not provide any records related to the audit or the time entries allegedly eliminated pursuant to the audit. Additionally, SLF openly acknowledges that its requested fees are based on a rate structure that this Court, and other courts within the Eighth Circuit, have repeatedly rejected as unreasonable. *Id.* at 18. A cursory review of SLF's billing records also reveals that there are still numerous inefficiencies that were not addressed in SLF's self-audit.

## **THE LEGAL STANDARD**

The standard for assessing fee requests under the FLSA is well-established. 29 U.S.C.A. § 216; *Burton v. Nilkanth Pizza Inc.,* 20 F. 4th 428, 431 (8th Cir. 2021). Using the lodestar

3

method, "[t]he Court must determine the number of hours reasonably expended multiplied by a reasonable hourly rate, and the make any appropriate reductions." *Thomas*, No. 3:19-CV-330-DPM, Dkt. No. 115 at ¶1 (citing *Hensley v. Eckerhart*, 461 U.S. 424, 433-40 (1983) and *Quigley v. Winter,* 598 F.3d 938, 956-59 (8th Cir. 2010)).   Additionally, the following factors may be relevant to any adjustments to the lodestar:

> (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal service properly; (4) the preclusion of employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the 'undesirability' of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.

*Hensley,* 461 U.S. at 429-30 (citing *Johnson v. Ga. Highway Express, Inc.,* 488 F.2d 714, 717-19 (5th Cir. 1974)).

## <u>ARGUMENT</u>

### I.   The Court should reject the unreasonable rates proposed by SLF and impose the rates approved in *Logan Centers* and *Vikase*.

SLF requests the following hourly rates: $383/hr. for Josh Sanford, $300/hr. for Vanessa Kinney, $285/hr. for Steve Rauls, $200/hr. for Sean Short, $125/hr. for Michael Stiritz, $100/hr. for paralegal time, and $75/hr. for law clerk time. Dkt. No. 181 at 14. This Court has repeatedly held that these, or similar, rates proposed by SLF are unreasonable. *See Logan Centers*, 3:19-CV-167-DPM, Dkt. No. 117 at ¶2 (rejecting proposed rates and approving $250/hr. for Sanford, $200/hr. for Kinney, $175/hr. for Rauls, $150/hr. for Short, $75/hr. for paralegal time, and $25/hr. for law clerk time); *Vikase*, 3:19-CV-330-DPM, Dkt. No. 115 at ¶2 (same); *Bailey v. Jefferson Cty., Arkansas*, No. 5:18-CV-222-DPM, 2021 WL 4849077, at *1 (E.D. Ark. Oct. 18, 2021) (rejecting proposed rates and approving Sanford at $250/hr., Kinney at $200/hr. and "law

4

clerk" at $25/hr.); *Bryan v. Mississippi Cty., Arkansas*, No. 3:18-CV-130-DPM, 2020 WL 9048650, at *2 (E.D. Ark. May 12, 2020) (rejecting proposed rates and establishing rates for Sanford at $250/hr., Kinney at $200/hr., Rauls at $175/hr., and "law clerk" at $25/hr.). Other Arkansas federal judges have entered similar recent rulings with regard to SLF's rates. *See, e.g., Mitchell v. Brown's Moving & Storage, Inc.,* 4:19-CV-783-LPR, 2023 WL 2715027, *3 (E.D. Ark. Mar. 29, 2023) (awarding hourly rates of $250 for Sanford and $175 for Kinney and Rauls); *Beasley v. Macuils Tire and Serv. Ctr.,* LLC, No. 4:19-CV-00471-JM, Dkt. No. 30, at 6 (E.D. Ark. Sept. 17, 2021) (awarding hourly rates of $250 for Sanford, $175 for Kinney and Rauls, and $150 for Short).

"Plaintiffs acknowledge that the rates requested herein are not as low as those awarded in some other cases, including *Carden,* 2022 U.S. Dist. LEXIS 179483, but maintain that the rates requested are supported by both counsel's experience and relevant case law." Dkt. No. 181 at 18. However, Plaintiffs have attempted to buttress their requested rates with an affidavit from Mr. Sanford that is virtually identical to the supporting affidavits submitted in *Logan Centers* and *Vikase. See Logan Centers*, 3:19-CV-00167-DPM, Dkt. No. 108-2; *Vikase*, 3:19-CV-00330-DPM, Dkt. No. 109-2., Consistent with the Court's rulings in *Logan Centers* and *Vikase*, the Court should find that Sanford's averments are not sufficient to support the requested rates. Additionally, Plaintiffs rely heavily on this Court's 2021 decision in *Rodriguez v. Superior Real Estate Sols.,* 4:19-CV-405-DPM (E.D. Ark. Apr. 29, 2021) approving higher rates for certain SLF attorneys, but failed to note that the requested hourly rates were not opposed by the defendant in *Rodriguez. See Skender v. Eden Isle Corp.,* No. 4:20-CV-00054-BRW, 2021 WL

2964991, at *3 (E.D. Ark. July 14, 2021) ("However, what [the Sanford Law Firm] fails to mention is that the [*Rodriguez*] defendant did not object to the hourly rates.").[1]

Plaintiffs have simply provided no reasonable basis for this Court to vary from the rates it approved in *Logan Centers* and *Vikase*. This Court's opinions in *Logan Centers* and *Vikase* did not address the appropriate rate for SLF junior associate, Michael Stiritz ("Stiritz"), but this Court set the appropriate rate for junior associates Samuel Brown ("Brown"), Colby Qualls ("Quall" and Rebecca Matlock ("Matlock") at $100/hr. after rejecting SLF's requested rate of $150/hr. *See Logan Centers*, 3:19-CV-00167-DPM, Dkt. No. 117 at ¶2; *Vikase*, 3:19-CV-00330-DPM, Dkt. No. 115 at ¶2. According to the supporting Sanford affidavit, Stiritz has only approximately two years of experience as an attorney. Dkt. No. 181-2 at ¶19b. Brown, Qualls, and Matlock are all more experienced than Stiritz. *See Logan Centers*, 3:19-CV-00167-DPM, Dkt. No. 108-2 at ¶19; *Vikase*, 3:19-CV-00330-DPM, Dkt. No. 109-2 ¶19. *See also* www.sanfordlawfirm.com/samuel-brown.

Applying the rates approved in *Logan Centers* and *Vikase* to the SLF attorneys and staff members involved in this case reduces by approximately 31% the fees requested by Plaintiffs:

| Attorney | Court-approved rates | Time | Adjusted Value |
|---|---|---|---|
| Josh Sanford | $250.00 | 26.70 | $6,675.00 |
| Vanessa Kinney | $200.00 | 9.30 | $1,860.00 |
| Steve Rauls | $175.00 | 99.30 | $17,377.50 |
| Sean Short | $150.00 | 280.90 | $42,135.00 |
| Michael Stiritz | $100.00 | 60.90 | $6,090.00 |
| Law Clerk | $25.00 | 77.50 | $1,937.50 |
| Paralegal | $75.00 | 170.00 | $12,750.00 |
| **Total** | | **724.60** | **$88,825.00** |

---

[1] Plaintiffs also rely on a federal court decision in Texas, *Sheffield v. Stewart Builders, Inc.,* No. H-19-1030, Dkt. No. 60 at 9, 12 (S.D. Tex. Mar. 10, 2021) in which there was an apparent oversight or confusion since the court stated one rate ($400) was reasonable for Sanford's work in Houston, Texas, but then used a higher rate ($450) when calculating fees.

II.     **This Court should further reduce the requested fees to address numerous billing inefficiencies.**

This Court should further reduce Plaintiffs' requested fees to address numerous inefficient and excessive SLF time entries. Despite SLF self-auditing and voluntarily reducing its time by more than 30% in *Logan Centers* and *Vikase*, as it claims to have done in this case, this Court still applied an additional 25% reduction to account for "overstaffing, inefficiencies, and over-the-shoulder lawyering." *Logan Centers,* 3:19-CV-00167-DPM, Dkt. No. 117 at ¶3. *See Vikase*, 3:19-CV-00330-DPM, Dkt. No. 115 at ¶3. Additionally, there is a wealth of adverse authority related to SLF's billing practices, as Arkansas federal judges have ruled it employs "habits such as over-staffing cases, micro-managing associates, billing attorneys' rates for administrative tasks and failing to self-audit records that are submitted to the court for reimbursement, all of which tend to inflate the time spent by attorneys beyond what the firm could reasonably bill a paying client." *Hill-Smith v. Silver Dollar Cabaret, Inc.,* No. 5:20-CV-5051, 2020 WL 4741917, at *2 (W.D. Ark. Aug. 14, 2020).

Below, are examples of the numerous inefficient and excessive entries in the SLF time records submitted in support of Plaintiffs' motion:

A.     **Over-Staffing and duplication of efforts.**

Courts have repeatedly criticized SLF for over-staffing cases. *See, e.g., Bryan*, 2020 WL 9048650, at *1 (stating "six lawyers and a law clerk are still excessive"); *Vikase*, 3:19-CV-00330-DPM, Dkt. No. 115 at ¶3 (stating "[f]ive lawyers, a law clerk and a paralegal are excessive…"). Here, Plaintiffs seek recovery for time spent by five SLF lawyers (4 with more than a decade of experience), a law clerk, and a paralegal. Dkt. No. 181 at 14; Dkt. No. 180-2 at ¶19.

SLF compounded the over-staffing problem by repeatedly duplicating efforts. For example, on multiple occasions, Short and Rauls double-billed for attendance at plaintiff depositions taken by Peco.[2] Additionally, Sanford, Rauls, and Short, who collectively have over 50 years of experience, all billed significant amounts of time for drafting and/or editing Plaintiffs' motion for summary judgment and supporting briefs and/or reviewing Peco's response.[3] Likewise, Stiritz, Short, and Rauls all billed time related to the review of and response to Peco's motion for summary judgment on Plaintiffs' meal break claims.[4] The majority of Sanford's time was spent reviewing or editing the work of his purportedly skilled and experienced staff of attorneys. Dkt. No. 180-1.[5] This is exactly the type of over-the-shoulder lawyering that this Court has previously found to be unreasonable.

### B.    Excessive in-house and client communications.

While SLF alleges it made material cuts to its time entries in the categories of in-house and client communications, Plaintiffs still seek recovery for a total of 284.15 hours in in-house and client communications, which amounts to 39.2% of the total hours for which they seek recovery. These entries consist largely of Short having frequent conferences or email communications with Sanford and Rauls and law clerks or paralegals communicating with clients about consent forms or discovery responses.[6] The volume of entries in these categories are excessive and could not have been passed along to SLF's clients. *Vikase,* 3:19-CV-00330-

---

[2] *See* Dkt. No. 180-1 at Time Entry Nos. 4227, 4331, 4820, 4821, 4823, 4830, 4832, 4848, 4849, 4869, 4870, 4872, 4874, 4877, 4881.
[3] *See* Dkt. No. 180-1 at Time Entry Nos. 4903, 4904, 4906, 4919, 4933, 4934, 4935, 4939, 4940, 4942, 4964, 4965, 4968, 4969, 4970, 4971, 4974, 4975, 5158, 5159, 5160, 5180, 5189, 5191, 5195, 5196, and 5198.
[4] *See* Dkt. No. 180-1 at Time Entry Nos. 5120, 5125, 5139, 5184, 5185, 5193, 5199, 5200, 5213, 5216, 5217, 5218, 5220, 5223, 5225, 5295, 5298.
[5] *See* Dkt. No. 180-1 at Time Entry Nos. 15, 16, 35, 78, 110, 166, 315, 671, 1292, 1474, 4970, 4971, 5036, 5078, 5090, 5164, 5167, 5202, 5220, 5223, 5240, 5241, 5281, and 5296.
[6] The time entries in these categories are so vague, and in some instances redacted, that it is difficult to determine the purposes of many of these communications.

DPM, Dkt. No. 115 at ¶3. Likewise, Peco should not pay for SLF's excessive in-house and client communications.

### C. Billing for work on unsuccessful claims.

SLF billed 16.7 hours of attorney time responding to Peco's successful motion for summary judgment on Plaintiffs' meal break claims.[7] Peco should not pay for the time SLF spent pursuing unsuccessful claims. Additionally, Deanna Walker and over half of the approximately 400 opt-in plaintiffs withdrew consent or had their claims dismissed on summary judgment. Upon a cursory review of SLF's voluminous time records, Peco identified scores of entries related to the claims of dismissed plaintiffs.[8] Given the volume of plaintiffs dismissed, a thorough audit of the SLF records would surely reveal many more time entries related to dismissed plaintiffs. Furthermore, many others are likely hidden behind vague or redacted time entries concerning client communications. Peco should not be responsible for attorney or staff time related to any dismissed plaintiffs because they are not "prevailing plaintiffs." *Ghess v. Kaid*, 2021 WL 3891561, at *2 (E.D. Ark. Aug. 31, 2021) (finding that one who dismissed their claim without prejudice is not a "prevailing party" and excluding associated fees).

### D. Billing for work on other cases.

Short has three time entries on June 28, 2021, for a total of .40 hours, for review and/or in –house conferences concerning a motion filed by defendants to enforce a settlement. Dkt. No. 181-1 at Time Entry Nos. 4356-58. Peco has never filed a motion to enforce a settlement in this case and this case was not settled until long after June 28, 2021. Therefore, it appears that these

---

[7] *See* Dkt. No. 180-1 at Time Entry Nos. 5120, 5125, 5139, 5184, 5185, 5193, 5199, 5200, 5213, 5216, 5217, 5218, 5220, 5223, 5225, 5295, and 5298.

[8] *See* Dkt. No. 180-1 at Time Entry Nos. 336,518-19, 525-26, 528, 555, 563, 573, 601, 647, 655, 657, 660, 662, 664, 682, 693, 698, 727, 802-03, 816, 841, 854, 935, 944, 947, 955, 963, 974, 976, 1011, 1060, 1087, 1116, 1118, 1125, 1136, 1178, 1182, 1218, 1222, 1223, 1227, 1232, 1268, 1297, 1335, 1352, 1367, 1424, 1494, 1495, 1516, 1527, 1587, 1591, 1598, 1600, 1604, 1640, 1643, 1649, 1656, 1684, 1688, 1703, 1730, 1756, 1760, 1772, 1774-75, 1777, 1778, 1793, 1796, 1847, 1853, 1861, 1872, 1873, 2109, 2126, 2129, 2190, 2212, 2233, 2236, 2321, and 2498.

time entries relate to some other matter and were included by mistake.  Peco should not have to pay for these billing errors.

    **E.**    **This Court should impose a reduction of the requested fee award by at least 25% to account for SLF's excessive and unreasonable hours.**

In addition to utilizing reasonable rates to calculate the fee award, the Court, as it did in *Logan Centers* and *Vikase*, should impose at least a 25% reduction in the fee award to account for the aforementioned inefficiencies and other unreasonable billing practices. *Logan Centers*, 3:19-CV-00330-DPM, at ¶3; *Vikase*, 3:19-CV-00167-DPM, at ¶3. *See Ewing v. Pizza Czar, Inc.,* 2022 WL 614932, at *7 (E.D. Ark. Mar. 2, 2022) (in lieu of a "deep dive" into the billing records, ruling that "60% of the time [the Sanford Law Firm] spent working the case was reasonable," thus imposing a 40% reduction).

The final lodestar amount, using reasonable rates and applying a 25% reduction to account for excessive or unreasonable hours, yields a fee amount of $66,618.75 ($88,825.00 x .75), subject to possible further reduction due to the outcome of the case as discussed more fully *infra.*

    **III.**    **This Court should reduce the lodestar amount by at least 35% to account for Plaintiffs' extremely limited success.**

"[T]he most critical factor in determining the reasonableness of a fee award is the degree of success attained." *Mitchell,* 4:19-CV-783-LPR, 2023 WL 2715027, at *12 (quoting *Farrar v. Hobby,* 506 U.S. 103, 114 (1992 (internal citations omitted)). To determine the success of the litigation for purpose of calculating fees, the court compares "the relief sought versus relief obtained." *Phillips v. Weeks,* 586 F. Supp. 241, 243 (E.D. Ark. 1984).

Federal courts in Arkansas have frequently reduced attorney fee awards based on an overall lack of success in FLSA actions. For example, in *Campbell v. Northwest Health &*

*Rehab, Inc.,* 2014 WL 3925231, at *2-*3 (E.D. Ark. Aug. 11, 2014), this Court reduced a fee request by 20% due to plaintiffs' lack of success. In *Mitchell,* 4:19-CV-783-LPR, 2023 WL 2715027, at *12-*13, the court reduced "the overall fee award by 75% in light of Plaintiffs' extremely limited success."

Here, Plaintiffs initially sought to certify an overbroad collective action involving all Peco hourly employees across its six complexes. Dkt. Nos. 8-9. This Court conditionally, and then finally, certified a much narrower collective. Dkt. No. 22. Despite the limited scope of the collective, Plaintiffs demanded $1,066,288.95 to resolve the case. Dkt. No. 182-1. Plaintiffs' settlement demand was fueled by their contention that Peco was responsible for compensating them on a daily basis for their two unpaid 30 minute meal breaks. *Id.* After this Court granted Peco summary judgment on Plaintiffs' meal break claims, more than half of the opt-in plaintiffs were dismissed either voluntarily or through summary judgment.  After the round of dismissals, the Paintiffs settled liability issues for only $47,500 (approximately 95% less than the initial settlement demand). Dkt Nos. 155, 174, and 178.

Clearly, Plaintiffs achieved "extremely limited success" in this case. Additionally, their unreasonable initial settlement demands forced Peco to vigorously litigate the case through discovery and motion practice substantially increasing its litigation costs. Peco should not now be forced to carry the double burden of these increased costs and the costs of compensating Plaintiffs for their inflated fees. The Court should not award Plaintiffs' counsel for their unreasonable and unrealistic valuation of this case.

Accordingly, Peco requests that this Court apply a 35% success reduction to the lodestar. The application of a 35% success reduction to the lodestar would produce a final fee award of $43,302.19 ($66,618.75 x .65).

IV.     **The Court should deny, in part, Plaintiffs' request for costs.**

Plaintiffs seek to recover the amount of $6,306.56 in costs. Dkt. No. 180-3. This amount consists primarily of unrecoverable costs of $5,153.10 related to postage, private service fees, and attorney travel costs. *Id. See* 28 U.S.C. § 1920; *Smith v. Tenet Healthsystem SL, Inc.,* 436 F.3d 879, 889 (8th Cir. 2006); *Crues v. KFC Corp.,* 768 F.2d 230, 234 (8th Cir. 1985). Therefore, the Court should deduct $5,153.10 from the request and award no more than $1,153.10 in costs.

## <u>CONCLUSION</u>

Based on the foregoing, Peco requests that the Court deny, in part, Plaintiffs' request for attorney's fees and award fees of no more than $43,302.19. Additionally, Peco requests that the Court deny, in part, Plaintiffs' request for costs and award costs of no more than $1,153.10.

Respectfully submitted,

**PECO FOODS, INC.**

Stephen J. Carmody, AR #2013011
Scott F. Singley, MS #100134(Admitted Pro Hac)
Karen E. Howell, MS #102243(Admitted Pro Hac)
BRUNINI, GRANTHAM, GROWER & HEWES, PLLC
The Pinnacle Building, Ste. 100
190 East Capitol Street (39201)
Post Office Drawer 119
Jackson, Mississippi 39205-0119
Telephone:    601.948.3101
Facsimile:     601.960.6902
scarmody@brunini.com
ssingley@brunini.com
khowell@brunini.com

Michael S. Moore, AR #82112
Friday, Eldredge & Clark, LLP
400 West Capitol Avenue, Suite 2000
Little Rock, AR  72201
Telephone:     501.370.1526
Facsimile:     501.244.5348
mmoore@fridayfirm.com

12