IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
NORTHERN DIVISION

**WILLIAM HALLMAN and DEANNA**                                                    **PLAINTIFFS**
**WALKER, Each Individually and on**
**Behalf of All Others Similarly Situated**

vs.                                    Case No. 3:19-cv-368-DPM

**PECO FOODS, INC.**                                                                                **DEFENDANT**

## REPLY IN SUPPORT OF PLAINTIFFS' MOTION FOR COSTS AND ATTORNEYS' FEES

### I. INTRODUCTION

Defendant's Response to Plaintiffs' Motion for Costs and Attorneys' Fees ("Response") (ECF No. 183) devotes as much energy to citing opinions in which courts have found reasons to reduce fees requested by Sanford Law Firm, PLLC ("SLF") as to actually analyzing hourly rates and billing entries. As noted by the Western District of Arkansas, "Fee requests pursuant to fee shifting statutes are entirely fact specific to the case and attorney time claimed for a specific service rendered," and therefore "[b]ecause the attorney fee request of the [SLF] was reduced in a previous case is of little relevance with this case." *Rodriguez v. George's, Inc.*, No. 5:19-cv-05035, 2021 U.S. Dist. LEXIS 53997, at *6 (W.D. Ark. Mar. 23, 2021). In any event, viewed both independently and through the lens of prior fee awards, Plaintiffs' requests for costs and fees is reasonable, and Plaintiffs' Motion for Costs and Attorneys' Fees ("Motion for Fees") should be granted in its entirety except for any specific reductions agreed to herein.

Page 1 of 13
William Hallman, et al., v. Peco Foods, Inc.
U.S.D.C. (E.D. Ark.) Case No. 3:19-cv-368-DPM
Reply in Support of Plaintiffs' Motion for Costs and Attorneys' Fees

A.   <u>The Hourly Rates Requested by Plaintiffs Are Appropriate.</u>

First, Defendant argues that the hourly rates requested by Plaintiffs are too high, and that "Plaintiffs have attempted to buttress their requested rates with an affidavit from Mr. Sanford that is virtually identical to the supporting affidavits submitted in" other cases. *See* Response, p. 5. Defendant requests that this Court award the same rates that it awarded in *Thomas v. Viskase Co.*, No. 3:19-cv-330-DPM, 2022 U.S. Dist. LEXIS 87017 (E.D. Ark. May 10, 2022), and *Carden v. Logan Ctrs., Inc.*, No. 3:19-cv-167-DPM, 2022 U.S. Dist. LEXIS 179483 (E.D. Ark. Sep. 28, 2022). However, Plaintiffs identified numerous cases in which they were awarded higher rates than those awarded in *Thomas* and *Carden* or requested by Defendant, including *Ghess v. Kaid*, No. 2:19-cv-00021 KGB, 2021 U.S. Dist. LEXIS 165098 (E.D. Ark. Aug. 31, 2021); *Coates v. Dassault Falcon Jet Corp.*, No. 4:17CV372 JLH, 2019 U.S. Dist. LEXIS 140110, at *4 (E.D. Ark. 8 May 2019); *Latcham v. U.S. Pizza Company, Inc.*, No. 4:16-cv-582-BSM (E.D. Ark. Jan. 24, 2019); *Murdock v. McNair*, No. 5:17-CV-05225, 2018 U.S. Dist. LEXIS 204140, at *5–6 (W.D. Ark. 3 Dec. 2018); *Burchell v. Green Cab Co.*, No. 5:15-CV-05076, 2016 U.S. Dist. LEXIS 29474 (W.D. Ark. Mar. 8, 2016).

It is unreasonable for Defendant to insist that hourly rates remain frozen in time, and in fact both case law and common sense dictate that they should not. *See McConnell v. Sw. Bell Tel. LP*, Civil Action No. 3:20-CV-1457-X, 2023 U.S. Dist. LEXIS 17493, at *6 (N.D. Tex. Feb. 2, 2023); *Veasey v. Abbott*, No. 2:13-CV-193, 2020 U.S. Dist. LEXIS 255611, at *50, fn24 (S.D. Tex. May 27, 2020). Plaintiffs also utilized the rate calculator found at the United States Bureau of Labor Statistics to demonstrate the growth of hourly rates over time. *See* U.S. Bureau of Labor Statistics, "CPI Inflation

Page 2 of 13
William Hallman, et al., v. Peco Foods, Inc.
U.S.D.C. (E.D. Ark.) Case No. 3:19-cv-368-DPM
Reply in Support of Plaintiffs' Motion for Costs and Attorneys' Fees

Calculator," https://www.bls.gov/data/inflation_calculator.htm (last viewed March 13, 2023).

All of the evidence and case law provided by Plaintiffs support the hourly rates requested for Plaintiffs' counsel. At a minimum this Court should provide for some increase in Plaintiffs' counsel's hourly rate. The rates awarded in *Thomas* and *Carden* and requested by Defendant are the same as those awarded over 3.5 years ago in *Wolfe v. Arafa*, No. 5:17-cv-245-DPM, Doc. No. 88 (E.D. Ark., Filed 08/08/2019). Adjusting the hourly rates awarded in *Wolfe* using the CPI Inflation Calculator results in the following hourly rates:

|  | **Rate Awarded August 2019** | **Rate Adjusted for Inflation to April 2023** |
|---|---|---|
| Josh Sanford | $250.00 | $295.61 |
| Vanessa Kinney | $200.00 | $236.49 |
| Steve Rauls | $175.00 | $206.93 |
| Rebecca Matlock | $150.00 | $177.37 |

If this Court will not award the rates requested by Plaintiff, then the Court should award rates that have been increased from those awarded in *Wolfe*, *Thomas* and *Carden* as reflected in the chart, above.

Notably, in *Wolfe*, the Court awarded Attorney Rebecca Matlock an hourly rate of $150.00. Ms. Matlock had graduated law school four years prior to *Wolfe*, in 2015. Attorney Steve Rauls was awarded $175.00 and had graduated law school eight years prior to *Wolfe* in 2011, while Attorney Vanessa Kinney, who had been licensed since 2008 (eleven years prior to *Wolfe*) was awarded $200.00. Yet, Defendant asks this Court to award Sean Short, who graduated law school *ten years* ago in 2013 the $150.00 hourly rate. *Wolfe* clearly supports Mr. Short's requested rate of $200.00 per hour.

Page 3 of 13
William Hallman, et al., v. Peco Foods, Inc.
U.S.D.C. (E.D. Ark.) Case No. 3:19-cv-368-DPM
Reply in Support of Plaintiffs' Motion for Costs and Attorneys' Fees

In sum, Plaintiffs' hourly rate requests are supported by case law and Plaintiffs' counsel's experience. However, even if this Court should refuse to award the rates requested by Plaintiffs, the Court should still increase the rates from those awarded in *Wolfe*, *Thomas* and *Carden*.

B.  <u>Defendant's Request for a 25% Overall Reduction Is Inappropriate in Light of the Individual Reductions Requested.</u>

Defendant specifically identifies certain billing entries which Defendant contends should be deducted from Plaintiff's fee request. However, not all of the billing entries are appropriate for reduction. Moreover, none of Defendant's arguments justify the whopping 25% overall reduction Defendant has demanded in this case. In an effort to resolve the dispute between the parties, Plaintiffs consent to 43.15 hours of billing identified by Defendant being deducted, although Plaintiffs do not agree that all of these hours are inherently appropriate or deduction.

Defendant first argues that "overstaffing" resulted in duplication of effort, but the allegedly duplicative entries identified by Defendant serve only to demonstrate that duplication of effort was minimal.

First, Defendant complains that two attorneys appeared at some Plaintiff depositions. Defendant cites no case law suggesting that this is inappropriate, and Plaintiffs are aware of none. In fact, it is not uncommon for more than one attorney to appear at depositions. *See e.g.*, *Gregory v. Belfor USA Grp., Inc.*, No. 2:12cv11, 2014 U.S. Dist. LEXIS 14296, at *18-19 (E.D. Va. Feb. 4, 2014) ("There is no per se rule preventing more than one attorney from participating in court, at depositions, or at conferences; indeed, in the Court's experience, attendance of more than one attorney is not at all uncommon"); *Rodriguez v. George's, Inc.*, No. 5:19-cv-5035, 2021 U.S. Dist.

Page 4 of 13
William Hallman, et al., v. Peco Foods, Inc.
U.S.D.C. (E.D. Ark.) Case No. 3:19-cv-368-DPM
Reply in Support of Plaintiffs' Motion for Costs and Attorneys' Fees

LEXIS 53997, at *10 (W.D. Ark. Mar. 23, 2021) ("The Court, based on its own experience in conducting settlement conferences in this precise type of case, finds that having two lawyers present is reasonable."). This is particularly true given the collective status of this case. Meanwhile, Defendant almost always had two attorneys appear at Plaintiffs' depositions and even had three attorneys appear to defend the 30(b)(6) deposition that was taken.

Even if this Court were to agree with Defendant, the total of the duplicative entries identified by Defendant is 10.90 hours, which when reduced by half to remove the duplication results in a total reduction of 5.45 hours. *See* Exhibit 1, Billing Identified in Footnote 2 of Defendant's Response.

Defendant also complains about time spent drafting, editing and reviewing certain briefs, and identifies the specific entries at issue in Footnote 3 of its Response. Plaintiffs listed those entries in a spreadsheet and removed instances in which an attorney examined or edited the work of another attorney.[1] *See* Exhibit 2, Billing Identified in Footnote 3 of Defendant's Response. The resulting reduction was 1.8 hours. This is a paltry amount of time, and it is completely reasonable for an attorney to review work that is being prepared on his or her behalf.

Defendant boldly announces that the "majority of Sanford's time was spent reviewing or editing the work of his purportedly skilled and experienced staff of attorneys." *See* Response, p. 8. However, Defendant only identifies 7.5 hours of such time in Footnote 5 of its Response. Of those 7.5 hours, 1.6 hours relate to Defendant's summary judgment motion on meal break claims, leaving only 5.9 hours of work to

---

[1] Some of the entries identified were for In-House Communication billing, which is addressed separately, *infra*, and are therefore not reduced as part of the analysis on this objection by Defendant.

Page 5 of 13
William Hallman, et al., v. Peco Foods, Inc.
U.S.D.C. (E.D. Ark.) Case No. 3:19-cv-368-DPM
Reply in Support of Plaintiffs' Motion for Costs and Attorneys' Fees

which Defendant objects. Again, this is a paltry amount of time, and it is not unreasonable for a managing attorney to review and improve work produced by other attorneys. *See* Exhibit 3, Billing Identified in Footnote 5 of Defendant's Response.

Defendant complains of duplicative efforts on its "motion for summary judgment on Plaintiffs' meal break claims," with the specific billing entries identified in Footnote 4 of its Response, but Defendant also asks that this time be removed in its entirety and identifies the exact same billing entries in Footnote 7 of its Response. Defendant should not be allowed to "double dip" and request multiple reductions for the same entries. However, Plaintiffs concede a reduction for the work Defendant identified on this summary judgment motion and agree to the request for a reduction of 16.7 hours.

Related to Defendant's assertion that Plaintiff should not be able to recover for unsuccessful claims, Defendant claims to identify "scores of entries related to the claims of dismissed Plaintiffs," and identifies those entries in Footnote 8 of its Response. Of those time entries, the following are entries of .1 each: 336, 518-19, 525-26, 528, 555, 563, 573, 601, 647, 655, 657, 660, 662, 664, 682, 693, 698,[2] 727, 802-03, 816, 841, 854, 935, 944, 947, 955, 963, 974, 976, 1011, 1060, 1087, 1116, 1118, 1125, 1136, 1178, 1182, 1218, 1222, 1223, 1227, 1232, 1268, 1297, 1335, 1352, 1494, 1495, 1516, 1587, 1591, 1598, 1600, 1604, 1640, 1643, 1649, 1656, 1684, 1688, 1703, 1730, 1756, 1760, 1772, 1774-75, 1777, 1778, 1793, 1796, 2109, 2126, 2129, 2190, 2212, 2233, 2236, 2321, and 2498. These 84 entries total 8.4 hours.

Entry # 1367 is for 2.0 hours related to travel time to depositions for Deanna Walker and William Hallman. Defendant does not object to time spent related to the

---

[2] There is no Entry # 698, but Plaintiffs assume that Defendant intended to refer to Entry # 699.

Page 6 of 13
William Hallman, et al., v. Peco Foods, Inc.
U.S.D.C. (E.D. Ark.) Case No. 3:19-cv-368-DPM
Reply in Support of Plaintiffs' Motion for Costs and Attorneys' Fees

deposition of William Hallman, and travel time to the deposition is necessary. There is no evidence that travel time was increased to do the deposition of Deanna Walker. Therefore, this 2-hour billing entry should not be reduced.

Entry # 1847 and 1853 are both entries for the M. Harrison deposition, each billed at .9 hours. However, one of these entries has been accounted for above with respect to Defendant's complaint of "duplicative" billing for depositions, meaning these two billing entries only account for an additional reduction of .9 hours. The same is true for Entry # 1861 and 1873, which are entries for the deposition of Plaintiff Deanna Walker for 1.6 hours each, meaning these two billing entries only account for an additional reduction of 1.6 hours.

The remaining entries are as follows: Entry # 1527 is a client communication for .2 hours; 1424 is the Olloway deposition for .5 hours; 1872 is the Oxford deposition for 1.3 hours.

To recap on the issue of work performed on behalf of withdrawn Plaintiffs, Defendant has identified 8.4 hours of entries billed at .1 each and an additional billing entry of .2. Defendant has identified .9 and 1.6 additional hours for the depositions after reduction for "duplicative" deposition billing. And Defendant has identified .5 hours for the Olloway deposition and 1.3 hours for the Oxford deposition. This brings the grand total of time spent on the Defendant's "scores of entries" to a total of 12.9 hours.

Finally, Defendant requests that billing be reduced by .4 hours to account for billing from another case which was inadvertently included in the Billing Spreadsheet.

In sum, the totals for the reductions identified by Defendant, excluding In House Communication time, are as follows:

Page 7 of 13
William Hallman, et al., v. Peco Foods, Inc.
U.S.D.C. (E.D. Ark.) Case No. 3:19-cv-368-DPM
Reply in Support of Plaintiffs' Motion for Costs and Attorneys' Fees

| "Duplicative" Deposition Time | 5.45 hours |
| --- | --- |
| Editing Time | 1.8 hours |
| Sanford Time | 5.9 hours |
| Meal Break Summary Judgment Time | 16.7 hours |
| Dismissed Plaintiff Time | 12.9 hours |
| Non-Case RelatedTime | .4 hours |

The total of all of these proposed reductions is 43.15. This constitutes a mere 6% of the total billing in this case. Obviously, this does not justify the sweeping 25% reduction demanded by Defendant.

Even if this Court were to deduct for the entire 69.70 hours of In House Communication time, the total hours deducted would be 112.85, or only 15.6% of the total billing. Again, this does not support the sweeping 25% reduction demanded by Defendant. Moreover, Plaintiffs have already voluntarily reduced In House Communication to a reasonable amount, and no further reduction is appropriate. *See Rodriguez v. George's, Inc.*, No. 5:19-cv-05035, 2021 U.S. Dist. LEXIS 53997 (W.D. Ark., Mar. 23, 2021) (Magistrate, J.) (approving of 27.8 hours of in-house conference time after voluntary 77% reduction). Courts recognize that intra-firm communications can constitute necessary and compensable work. *See Id.* p. 9 ("Simply disallowing all time spent by lawyers within a firm discussing one of its cases is not reasonable."); *Sheffield v. Stewart Builders, Inc.*, No. H-19-1030, 2021 U.S. Dist. LEXIS 48116, at *16 (S.D. Tex. Mar. 10, 2021). Further, Plaintiffs took steps to reduce any inefficiency resulting from In House Communication by only allowing billing by Attorney Sean Short in this category of work. There simply is no basis for further reduction.

Defendant's objections to the amount of Client Communication is also unwarranted. To begin with, SLF should not have to disclose the substance of client communication in order to be compensated for this time. Further, the Client

Page 8 of 13
William Hallman, et al., v. Peco Foods, Inc.
U.S.D.C. (E.D. Ark.) Case No. 3:19-cv-368-DPM
Reply in Support of Plaintiffs' Motion for Costs and Attorneys' Fees

Communication category has already been reduced by 36.28%, and no additional reduction should be applied. Given the number of Opt-In Plaintiffs involved in this case at the time of settlement and the lifespan of this case, 214.45 hours of Client Communication time is a facially reasonable amount of billing.

In conclusion, Defendant's specific identification of 43.15 hours, representing a mere 6% of total billing in this case does not justify the 25% overall reduction requested by Plaintiffs. Nor do Defendant's blanket objections to the number of hours devoted to In House Communication and Client Communication. Plaintiffs have conceded reduction by the 43.15 hours, and no further reduction is warranted. "When reducing fees, courts may conduct an hour-by-hour analysis or it may reduce the requested hours with an across-the-board cut," but it may not do both. *Poblano v. Russell Cellular, Inc.*, No. 8:19-cv-00265-KKM-AAS, 2022 U.S. Dist. LEXIS 16848, at *6 (M.D. Fla. Jan. 26, 2022) (internal quotation marks omitted).

C.  <u>There Is No Basis for an the 35% Overall Reduction Requested by Defendant.</u>

Defendant also requests an *additional* 35% reduction based on "lack of success." However, the reductions agreed upon above already account for "lack of success" and any further reductions would simply result in inappropriate "double dipping."

There are two key aspects of Defendant's request for reduction for "lack of success." The first is the difference between Plaintiff's initial demand and the settlement amount, and the second relates to the class definition sought by Plaintiffs in their request for conditional certification and the class definition as granted by the Court. Neither these, nor any other factor in this case, warrants an additional 35% reduction.

Page 9 of 13
William Hallman, et al., v. Peco Foods, Inc.
U.S.D.C. (E.D. Ark.) Case No. 3:19-cv-368-DPM
Reply in Support of Plaintiffs' Motion for Costs and Attorneys' Fees

With respect to the difference between Plaintiff's initial demand and the settlement amount, Defendant points out that the difference between these two rests largely on the meal break claims which were dismissed on summary judgment. However, the lack of success with respect to this claim has already been accounted for with reductions for work related to Defendant's motion for summary judgment on meal break claims and for work related to Plaintiffs who withdrew from this case. Defendant has not shown that there is any other billing that exclusively relates to the meal break claim. Because the remaining billing also advanced Plaintiff's other claims in this case, there is no basis for reducing fees any further.

Moreover, Courts should not overemphasize the amount of recovery "because an award of attorney fees here encourages the vindication of congressionally identified policies and rights." *Rodriguez v. Molina Healthcare Inc.*, 806 F. App'x 797, 806 (11th Cir. 2020) (citing *Fegley v. Higgins*, 19 F.3d 1126, 1134-35 (6th Cir. 1994)). "[E]ach time the FLSA is enforced, it provides an incentive for employers to obey rather than flout the statute." *Id.* at 805 (editing marks in original).

In rejecting the employer's request for a deduction based on "the plaintiffs' alleged lack of success," the court in *Morales v. Farmland Foods, Inc.*, pointed out that the Court had "already determined that the settlement was fair and reasonable," and that while the settlement amount represented a small percentage of the plaintiffs' initial estimate of damages, "the settlement amount represents a significant increase from the amount (zero) of damages that the defendant contended was due and owing to the plaintiffs." No. 8:08CV504, 2013 U.S. Dist. LEXIS 56501, at *33–34. (D. Neb. Apr. 18, 2013). "A court should compensate the plaintiff for the time his attorney reasonably

Page 10 of 13
William Hallman, et al., v. Peco Foods, Inc.
U.S.D.C. (E.D. Ark.) Case No. 3:19-cv-368-DPM
Reply in Support of Plaintiffs' Motion for Costs and Attorneys' Fees

spent in achieving the favorable outcome, even if "the plaintiff failed to prevail on every contention." *Fox v. Vice*, 563 U.S. 826, 834, 131 S. Ct. 2205 (2011)

An additional fundamental problem with Defendant's "lack-of-success" argument is that that it relies on settlement negotiations for its efficacy. "Evidence of [a settlement offer] is not admissible—on behalf of any party—either to prove or disprove the validity or amount of a disputed claim." Fed. R. Evid. 408(a). *See also Abeyta v. City of New York*, 588 Fed. App'x 24, 26 n.1 (2d Cir. 2014); *Houston v. Cotter*, 234 F. Supp. 392, 401 (E.D.N.Y. 2017); *Siracuse v. Program for the Dev. of Human Potential*, Civil Action No. 07 CV 2205 (CLP), 2012 U.S. Dist. LEXIS 73456, at *60–61 (E.D.N.Y. Apr. 30, 2012). By its plain terms, the rule forbids the use of settlement negotiations to prove the amount of claim, which is what Defendant is trying to do in order to suggest that Plaintiffs were not really successful, despite the fact that they recovered a substantial amount on their claims.

Finally, Defendant suggests that Plaintiffs were not successful on their request for certification of a collective in this case because the collective definition approved by the Court covered fewer employees than the collective definition proposed by Plaintiffs in their Motion for Conditional Certification. The flaws in this argument are obvious. Having achieved conditional certification of a collective, Plaintiffs were, in fact, successful, and a substantial number of employees joined this case and remained a part of this case through settlement. Accordingly, there is no basis for reducing fees based on this argument by Defendant.

The Supreme Court directs that there is a "strong presumption" in favor of the lodestar and direction that deviations from the lodestar should occur only in "rare"

Page 11 of 13
William Hallman, et al., v. Peco Foods, Inc.
U.S.D.C. (E.D. Ark.) Case No. 3:19-cv-368-DPM
Reply in Support of Plaintiffs' Motion for Costs and Attorneys' Fees

circumstances. *See Beauford v. ActionLink, LLC*, No. 4:12-cv-139-JLH, 2014 U.S. Dist. LEXIS 5039, at *21–22 (E.D. Ark. Jan. 15, 2014) (citing *Perdue v. Kenny A. ex rel. Winn*, 559 U.S. 542, 553, 130 S. Ct. 1662, 1673, 176 L. Ed. 2d 494 (2010)). Defendant's argument for an across-the-board 35% reduction based on nothing other than a "lack of success" argument that fails to adequately address how the alleged lack of success relates to the lodestar must be rejected. The work performed by counsel for Plaintiffs in this case was reasonable and necessary to achieve the settlement reached on behalf of Plaintiffs. Any reductions for unsuccessful claims have already been made. Therefore, no reduction for lack of success is warranted.

D.     Costs Should Be Awarded as Requested by Plaintiffs.

Finally, Defendant argues for deep reductions to costs based on 28 U.S.C. § 1920. However, as noted in Plaintiff's initial briefing, costs under the FLSA can include "reasonable out-of-pocket expenses beyond those normally allowed under Rule 54(d) and 28 U.S.C. § 1920." *Hendricks v. Inergy, L.P.*, 2014 U.S. Dist. LEXIS 6044, at *22 (E.D. Ark. Jan. 6, 2014) (internal editing marks omitted); *Alex v. KHG of San Antonio, LLC*, 125 F. Supp. 3d 619, 630 (W.D. Tex. 2015) ("Reimbursement for travel, meals, lodging, photocopying, long-distance phone calls, computer legal research, postage, courier service, mediation, exhibits, document scanning, and visual equipment are the types of litigation expenses that are recoverable under the FLSA as part of an attorneys' fee award.").

In recognition of the FLSA's reach, the Court in *Thomas v. Viskase Companies, Inc.*, permitted recovery of postage and private service fees even those these are typically not recoverable as "costs" under 28 U.S.C. § 1920. No. 3:19-cv-330-DPM, Doc.

Page 12 of 13
William Hallman, et al., v. Peco Foods, Inc.
U.S.D.C. (E.D. Ark.) Case No. 3:19-cv-368-DPM
Reply in Support of Plaintiffs' Motion for Costs and Attorneys' Fees

No. 115, p. 3 (E.D. Ark., Filed May 10, 2022). The Court added those costs to the fee award because "paying clients are routinely billed" for such items. *Id*. The result should be no different in the current case and costs should be awarded as requested by Plaintiffs.

E.      Conclusion

For the reasons set forth above, Plaintiffs' request for fees and costs should be granted in its entirety with the exception of the 43.15 hours conceded by Plaintiffs.

        Respectfully submitted,

        **WILLIAM HALLMAN, Individually and on Behalf of All Others Similarly Situated, PLAINTIFF**

        SANFORD LAW FIRM, PLLC
        Kirkpatrick Plaza
        10800 Financial Centre Pkwy, Suite 510
        Little Rock, Arkansas 72211
        Telephone: (800) 615-4946
        Facsimile: (888) 787-2040

        Sean Short
        Ark. Bar No. 2015079
        sean@sanfordlawfirm.com

        Josh Sanford
        Ark. Bar No. 2001037
        josh@sanfordlawfirm.com

**Page 13 of 13**
**William Hallman, et al., v. Peco Foods, Inc.**
**U.S.D.C. (E.D. Ark.) Case No. 3:19-cv-368-DPM**
**Reply in Support of Plaintiffs' Motion for Costs and Attorneys' Fees**